IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTONIO HEARD, BOP ID 64308-019 <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, DARLENE DREW, Warden, COUNSELOR DAVIS, COUNSELOR TERRY, and COUNSELOR STONE, <br><br> Defendants. | PRISONER CIVIL RIGHTS & FEDERAL TORT CLAIMS ACT <br> 28 U.S.C. §§ 1331, 1346(b) & 2671 et seq. <br><br><br> CIVIL ACTION FILE NO. <br> 1:17-CV-2597-TWT-JKL |

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, an inmate at FCI Williamsburg in Salters, South Carolina, filed a civil rights complaint on June 23, 2017,[1] pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), 28 U.S.C. § 1331, and the Federal Tort Claims Act.   Plaintiff was granted leave to proceed *in forma*

---

[1] Although the complaint was filed in this Court on July 10, 2017, under the "mailbox rule" it is deemed to be filed on the date Plaintiff signed it, which was June 23, 2017.   *See Lewis v. Barnick*, 385 F. App'x 930, 931 (11th Cir. 2010) (applying the prison mailbox rule to prisoner's civil rights complaint); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993) (applying mailbox rule "to *pro se* prisoners filing complaints in section 1983 cases and claims under the Federal Tort Claims Act").

*pauperis*.  This matter is now before the Court for an initial screening under 28 U.S.C. § 1915A.

Pursuant to 28 U.S.C. § 1915A, a federal court is required to screen "as soon as practicable" a prisoner complaint that "seeks redress from a governmental entity or officer or employee of a governmental entity."   28 U.S.C. § 1915A(a). However, the Court must dismiss a prisoner complaint that is either (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."   *Id.* § 1915A(b).   A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact."   *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).  A district court may also dismiss a complaint if the alleged facts do not state a plausible claim for relief.  *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

## I.   FACTUAL ALLEGATIONS[2]

Plaintiff has alleged that between 2013 and 2015,[3] while he was a pretrial detainee at USP Atlanta, Defendant Stone made physical and verbal sexual

---

[2] Unless otherwise noted, the factual allegations are taken from Plaintiff's second amended complaint, [Doc. 8], and are presumed true for the purposes of § 1915A screening.  *See Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2001).

advances toward him and that Defendant Drew was informed of these advances, but did nothing about them.  He further states that "the counselors" refused to provide him with a BP-8 or otherwise interfered with his ability to file grievances. Plaintiff also mentions that he rarely got access to the law library.  Plaintiff goes on to describe the conditions of his confinement while housed at USP Atlanta, but never states who was responsible for these conditions other than reporting that an unidentified officer and "psych doctor," had knowledge of the conditions and their effect on him.  Neither is named as a defendant to this suit.

Plaintiff states that he was eventually able to pursue administrative remedies by filing a BP-8, 9, 10, and 11, but does not provide the content of his filings, the dates on which they were filed, what response he received, or when he received them.  Plaintiff filed a complaint in this Court on July 10, 2007.  He filed an amended complaint on July 28, 2017, and a second amended complaint on September 13, 2017.

---

[3] In his second amended complaint, Plaintiff states that all the events about which he complains occurred during his incarceration at USP Atlanta between 2013 and 2015.  In his first amended complaint, Plaintiff more specifically states that he was housed in USP Atlanta from February 4, 2013, through April 28, 2015.  [Doc. 5 at 5.]  The undersigned notes that based on the facts recited in his first amended complaint, Plaintiff's *Bivens* claims appear to be time-barred.  *Combs v. Nelson*, 419 F. App'x 884, 886 (11th Cir. 2011) (per curiam) (citing *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) ("The statute of limitations for a [*Bivens*] claim arising out of events occurring in Georgia is two years.").

## II.   ANALYSIS

### A.   *Bivens*

In order to state claim for relief pursuant to *Bivens*, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) the act or omission was committed by a person acting under color of federal law.  *See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (stating that 42 U.S.C. § 1983 law generally applies to *Bivens* actions); *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995) (defining § 1983 cause of action).  If a litigant cannot satisfy those requirements, or fails to provide supporting factual allegations, then the complaint is subject to dismissal for failure to state a claim.  *See Bell v. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that a complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 680-84 (2009) (holding that *Twombly* "expounded the pleading standard for 'all civil actions,'" to wit, conclusory allegations that "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional claim" are "not entitled to be assumed true," and, to escape dismissal, complaint

4

must allege facts sufficient to move claims "across the line from conceivable to plausible"); *Papason v. Allain*, 478 U.S. 265, 286 (1986) (accepting as true only plaintiff's factual contentions, but not his or her legal conclusions couched as factual allegations); *Beck v. Interstate Brands Corp.*, 953 F.2d 1275, 1276 (11th Cir. 1992) (per curiam) (noting that courts are "not permitted to read into the complaint facts that are not there").

      1.   <u>Sexual Assault</u>

The Eighth Amendment prohibits cruel and unusual punishment. *Thomas v. Bryant*, 614 F.3d 1288, 1303 (11th Cir. 2010). In order to state an Eighth Amendment claim, a plaintiff must show a deprivation that is "objectively, sufficiently serious" and a prison official's "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006).

"The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimus* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010). Although "severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment," *Boxer X*, 437 F.3d at 1111, not "every malevolent touch by a prison

guard gives rise to a federal cause of action," *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  Rather, in order to establish liability for a prison official's alleged sexual abuse of a prisoner, the plaintiff must show that his injury was "objectively, sufficiently serious" and that the prison official had a "sufficiently culpable state of mind."  *Boxer X,* 437 F.3d at 1111 (citation omitted).

Plaintiff's allegation that Defendant Stone made one physical sexual advance and two verbal sexual advances toward him is insufficient to state an Eighth Amendment violation.  *See Washington v. Harris*, 186 F. App'x 865, 865-66 (11th Cir. 2006) (per curiam) (holding that prisoner's allegation that officer crept up behind him, grabbed his genitals, kissed him on the mouth, and threatened to perform oral sex on him were *de minimus* injuries and that the officer's conduct, "while inappropriate and vulgar, [was] not repugnant to humanity's conscience"); *Boxer X*, 437 F.3d at 1111 (holding that "a female prison guard's solicitation of a male prisoner's manual masturbation, even under the threat of reprisal, does not present more than *de minimus* injury"); *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997) (holding that "a small number of incidents in which [a prisoner] allegedly was verbally harassed, touched, and pressed without his consent" do not state an Eighth Amendment claim).  While Plaintiff states that he had suicidal thoughts, was depressed, and experienced paranoia, he does not state that these

symptoms were caused by the acts of Defendant Stone.  Rather, he mentions them in connection with the conditions of his confinement.  Plaintiff alleges no physical injury resulting from Defendant Stone's alleged advances.  Plaintiff has failed to state a plausible claim for relief with respect to Defendant Stone's alleged advances.

### 2.   Access to Grievance Procedure

Plaintiff claims that Defendants Stone, Davis, and Terry "refused to give [him] a BP-8 at least 20 times." [Doc. 8 at 3.]  Prisoners have no "constitutionally-protected liberty interest in an inmate grievance procedure." *Thomas v. Warner*, 237 F. App'x 435, 437-38 (11th Cir. 2007); *see also Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (finding inmates have no constitutionally protected liberty interest in access to a prison grievance procedure); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (concluding "that the federal regulations providing for an administrative remedy procedure [for federal prisoners] do not in and of themselves create a liberty interest in access to that procedure"); *Jones v. Moody*, No. 1:12-CV-4240-TWT-LTW, 2013 WL 787907, at *3 (N.D. Ga. Jan. 31, 2013). Accordingly, Plaintiff has also failed to state a plausible claim for relief with respect to his allegation that these Defendants interfered with his ability to file grievances.

7

3.    <u>Conditions of Confinement</u>

Regarding the allegedly unconstitutional conditions of his confinement, Plaintiff fails to state a claim because he has not identified any individual responsible for these conditions. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) ("[A] complaint will be held defective . . . if [it] fails to connect the defendant with the alleged wrong.") (citation omitted).  While Plaintiff mentions that he complained to "the officer," he does not identify the officer or name him or her as a defendant to this action.

To the extent Plaintiff is attempting to hold Defendant Drew responsible because of her position as Warden, the undersigned notes that "[i]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."  *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999)).  Rather, a supervisory official is "only liable under § 1983 for the unconstitutional acts of his subordinates if [she] personally participated in the allegedly unconstitutional conduct, or [her] actions were causally connected to the alleged constitutional deprivation."  *Campbell v. Johnson*, 586 F.3d 835, 840 (11th Cir. 2009) (citing *West v. Tillman*, 496 F.3d 1321, 1328 (11th Cir. 2007) (per curiam)).  Plaintiff has

8

not alleged personal participation by any named Defendant or a causal connection that would support their liability.

### 4.   Access to the Law Library

Plaintiff has mentioned that he had limited access to the law library while he was housed at USP Atlanta.  "Prisoners have a right to access to the courts under the Fourteenth Amendment."  *Denney v. Nelson*, 304 F. App'x 860, 863 (11th Cir. 2009) (quoting *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998)). This right "requires prison authorities to assist inmates in the preparation and filing of legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)).  In order to state an access to courts claim under § 1983, a plaintiff may not merely allege that he was denied access to a law library.  Rather, he must "identify a 'non-frivolous,' 'arguable' underlying claim" that was frustrated by the denial of access. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (quoting *Lewis*, 518 U.S. at 353 n.3).  Simply put:

> [T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint. . . . [And like] any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to the defendant. . . . Hence the need for care in requiring that the predicate claim

> be described well enough to apply the "non-frivolous" test and
> to show that the "arguable" nature of the underlying claim is
> more than hope.

*Id.* at 415-16.  Plaintiff has not identified any non-frivolous or arguable underlying claim that has been frustrated by the acts complained of in his complaint.  Plaintiff has also failed to show how any of the named Defendants are responsible for the limitations on his library time.  Consequently, Plaintiff's claim fails to state a plausible "access to courts" claim upon which may be granted and is subject to dismissal.

For these reasons, the undersigned finds that Plaintiff has failed to state a plausible claim for relief pursuant to *Bivens*.[4]  His claims against Defendants Drew, Davis, Terry, and Stone should be **DISMISSED WITHOUT PREJUDICE**.

---

[4] The undersigned also notes that based on the Supreme Court's recent decision in *Ziglar v. Abassi*, 137 S. Ct. 1843 (2017), the availability of a *Bivens* remedy for pretrial detainees who assert claims of harsh conditions and abuse at the hands of prison guards is unclear.  While *Bivens* provides an implied damages remedy, the only context in which the Supreme Court has allowed federal prisoners to recover damages pursuant to *Bivens* is on claims for failure to provide adequate medical treatment.  Expanding the *Bivens* remedy to new contexts "is now a 'disfavored' judicial activity" and is inappropriate when a case "is different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court" or when special factors may counsel against recognizing a damages remedy for the alleged constitutional violation.  *Id.* at 1857, 1859-60.

**B.     FTCA**

Plaintiff has also asserted a claim against the United States.  While the United States is generally immune from suit, the FTCA provides an exception for some torts committed by federal employees.  28 U.S.C. §§ 1346(b), 2674.  The FTCA provides relief for plaintiffs who suffered an injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable" to the plaintiff under state law.  28 U.S.C. § 1346(b)(1).  The United States is the only proper defendant to an FTCA claim.[5]  *See* 28 U.S.C. § 2674 (providing that "[t]he United States shall be liable" for successful claims under the FTCA); *Minneci v. Pollard*, 565 U.S. 118, 124 (2012) (the defendant in an FTCA action is "the United States, not the individual officers who [] committed the violation").

Under Georgia law, negligence is established when a plaintiff proves "the existence of a duty on the part of the defendant, a breach of that duty, causation of the alleged injury, and damages resulting from the alleged breach of the duty."

---

[5] An FTCA claim must be "presented in writing to the appropriate Federal agency within two years after such claim accrues" and must be presented in court "within six months after the date of mailing . . . of notice of final denial of the claim by the agency." *Id.* § 2401(b); *see id.* § 2675(a).  Plaintiff states that he has exhausted his administrative remedies.

*Rasnick v. Krishna Hosp., Inc.*, 289 Ga. 565, 566 (2011).  The Bureau of Prisons owes a duty of care to federal prisons, which includes providing "suitable quarters and . . . the safekeeping, care, and subsistence" of those prisoners.  18 U.S.C. § 4042(a); *United States v. Muniz*, 374 U.S. 150, 164-65 (1963) ("[T]he duty of care owed by the Bureau of Prisons to federal prisoners is fixed by 18 U.S.C. § 4042 . . . ."); *Jones v. United States*, 534 F.2d 53, 54 (5th Cir. 1976) ("The duty of care owed by [the United States], through the Bureau of Prisons, is provided by 18 U.S.C.A. § 4042, and requires the exercise of ordinary diligence to keep prisoners safe and free from harm.").

Plaintiff claims that he was on lockdown for 23 hours per day; he went without a chair in his cell for a six-month period; he had to be present in the cell while his cellmate used the toilet; the toilet only flushed three times per fifteen minutes; his cell was crawling with roaches; he was served food with roaches in it; he was served bread that had been partially eaten by rats; he was only allowed three showers per week; he was not provided educational or religious services; he never received a handbook; he had black mold on the walls in his cell, which caused him breathing issues; an officer had Plaintiff paint over the mold, which made him sick for days; he was not allowed access to sunshine, which made his immune system break down causing him to be sick and have a rash; he had suicidal

thoughts and suffered from depression and paranoia but received no treatment. [Doc. 8 at 4.]

I cannot say that any of these matters, standing alone, would create unsuitable quarters. Given the totality of the circumstances, however, I find that Plaintiff should be allowed to proceed on his FTCA claim against the United States.

### III.   CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's *Bivens* claim against Defendants Drew, Davis, Terry, and Stone be **DISMISSED WITHOUT PREJUDICE** and that Plaintiff be **ALLOWED TO PROCEED** on his FTCA claim against the United States.

**IT IS SO RECOMMENDED** this 25th day of October, 2017.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE